# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Clarksburg

**RAY LONGSTREET**,

      Petitioner,

v.                                           **Civil Action No. 1:19-cv-22**
                                                    Judge Bailey

**C. GOMEZ,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On February 13, 2019, the *pro se* petitioner, filed a petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. On March 18, 2019, the petitioner paid the $5 filing fee. [Doc. 10]. On October 5, 2021, an Order was entered transferring this matter to District Judge John Preston Bailey and the undersigned. [Doc. 11].

This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. Background[1]

On September 14, 2995, the petitioner and 28 other individuals were charged by indictment with conspiracy to possess with intent to distribute and to distribute controlled

---

[1] The facts are taken from the petitioner's criminal Case No. 1:05-cv-471 in the United States District Court for the Northern District of Illinois, available on PACER. Unless otherwise noted, the document entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

substances, namely, in excess of five kilograms or mixtures and substances containing cocaine in excess of fifty grams of mixtures and substances containing cocaine base in the form of crack cocaine, in excess of one kilogram of mixtures and substances containing heroin, and quantities of marijuana, in violation of 21 U.S.C. § 846 (Count 1). [Doc. 193[. The petitioner was also charged with substances containing heroin, in violation of 21 U.S.C. § 841(a)(1) (Count Nine); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Thirteen); and nine counts of using a communication facility to facilitate the drug distribution conspiracy, in violation of 21 U.S.C. § 922(g)(1) (Counts Eighteen through Twenty-Six). Id.

After a week-long trial, a jury convicted the petitioner of Counts One, Nine and Nineteen through Twenty-Four of the indictment. [Doc. 529]. At the sentencing hearing on February 6, 2007, the Court explained its application of then-applicable 2006 Guidelines. Pursuant to Section 3D1.2(d), the Court found that all counts involved substantially the same harm and grouped them together for purposes of computing an offense level. The Court found that 1.5 kilograms of crack cocaine was attributable to the petitioner. Finding that no death or serious bodily injury resulted from the offense of which the petitioner was found guilty, the Court employed the Drug Equivalency Tables at Section 2D1.1(a)(3)(c) of the 2006 Guidelines. Under the 2006 Guidelines, the Drug Equivalency Tables considered one gram of cocaine as equivalent to 20 kilograms of marijuana. Using the Drug Equivalency Tables, the Court converted the 1.5 kilograms of crack cocaine to 30,000 kilograms of marijuana. The Court then used the Drug Quantity Table at Section 2D1.1 (a)(3)(c)(1) of the 2006 Guidelines to derive a base offense level of 38. The Court applied a two-level increase in the offense level, finding that the

petitioner possessed a firearm.  The Court also applied a four-level leadership adjustment under Section 3B1.1(a), finding that the petitioner was a leader of the conspiracy.  The adjusted offense level was therefore 44.  Because the highest offense level in the Guidelines is 43, the petitioner was sentenced as though his base offense level was 43.  The Court computed the petitioner's Criminal History Category as Level VI, for which the Guidelines recommended a sentence of life imprisonment.  On March 19, 2007, the Court sentenced the petitioner to a below-Guidelines aggregate sentence of 456 months, or 38 years.

The petitioner appealed both his conviction and sentence. [Doc. 765].  The Seventh Circuit affirmed the conviction but ordered a limited remand to ask whether the district court wanted to resentence the petitioner in light of the Supreme Court's decision in Kimbrough v. United States[2], 552 U.S. 85 (2007), United States v. Longstreet, 567 F.3d 911 (7th Cir.2009).  The Court communicated its desire to resentence the petition, and the Seventh Circuit vacated the petitioner's sentence and remanded to the district court for resentencing. On July 20, 2010, the Court resentenced the petitioner to an aggregate term of 48 months' imprisonment. [Doc. 1212].

The petitioner subsequently appealed his second sentence to the Seventh Circuit. [Doc. 1207).  The Court's sentence was affirmed. [Doc. 1281].

On April 23, 2021, the petitioner, through counsel, filed a motion pursuant to 18 U.S.C. § 3582(c) seeking a reduction in sentence based upon the Fair Sentencing Act

---

[2]Subsequent to the petitioner's sentencing in March 207, the Supreme Court held that district courts have discretion to consider disparity in sentences for offense involving crack versus those involving powder cocaine. Kimbrough, 552 U.S. at 110. After Kimbrough was decided, the Sentencing Guidelines were amended to lessen the disparity in the recommended sentenced for crack and cocaine offense.

3

and corresponding amendments to the guidelines, which lowered the base offense levels under Guideline 2D1.1 for crack cocaine, [Doc. 1352]. On May 29, 2013, following a hearing, the Court denied the petitioner's Section 3582(c) motion. [Doc. 1358].

On March 11, 2019, and April 12, 2019, the petitioner filed two motions seeking relief under the First Step Act ("FSA"), which made retroactive certain modifications to the statutory penalties for crack cocaine offenses under the FSA and requested the appointment of counsel. [Docs. 1528, 1531, and 1532]. After the Court referred the matter to the Federal Public Defender Program, on April 3, 2020, the petitioner, through counsel, filed a supplemental motion seeking relief. [Doc. 1568]. On March 22, 2021, the district court entered an Amended Judgment which reduced the petitioner's term of imprisonment to 312 months. [Doc. 1600].

On April 5, 2021, the petitioner filed a Notice of Appeal. [Doc. 1601]. On September 1, 2021, the Seventh Circuit dismissed the appeal for lack of prosecution.

The petitioner's current **projected** release date via good conduct time is September 27, 2027. See www.bop.gov/inmateloc/.

### III. The Petition

In the instant § 2241 petition, the petitioner challenges the sentence he received in the Northern District of Illinois. In support of his petition, he raises one allegation: namely, that the leadership/organizer enhancement was applied improperly. In advancing this allegation, the petitioner relies on the Supreme Court decision in Nelson v. Colorado, 137 S.Ct. 1249 (2017).

### IV. Standard of Review

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. *Pro Se* Litigants**

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

**C. Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is

incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2nd Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which permits a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[3] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective; the standard is an exacting one. In the

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

(1) The date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333 - 34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *cert. denied* United States v. Wheeler, 2019 U.S. LEXIS 1990 (U.S., Mar. 18, 2019) (*quoting* Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner must still meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to

7

> this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, *supra*, at 40.29 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

## V. Analysis

Although the petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. Moore specifically, he is challenging his sentence and fails to satisfy the second or fourth prong of Wheeler. Specifically, the petitioner fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and "due to this retroactive change, his sentence now represents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 429. The petitioner maintains that Nelson v. Colorado entitles him to relief on his sentence. 137 S.Ct. 1249. He is incorrect. In Nelson, the Supreme Court held that "[w]hen a criminal conviction is invalidated by a reviewing court, and no retrial will occur…the State [is] obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of conviction." 137 S.Ct. at 1252. Here, the petitioner fails to identify an invalidated conviction and any fee, costs, or restitution imposed on him for an invalidated conviction. Instead, the petitioner contends that his sentence was enhanced improperly as the leader or organizer of the conspiracy, a charge for which he was not convicted. The petitioner then argues that the decision in Nelson provides a legal foundation for reining in the inclusion of uncharged conduct and otherwise inadmissible at trial evidence.

Contrary to the petitioner's argument, Nelson simply has no bearing on the court's ability to consider relevant conduct during sentencing or the applicability of a sentencing enhancement under the United States Sentencing Guidelines.  Therefore, the undersigned fails to discern, and the petitioner fails to explain, how Nelson has any application to his conviction or sentence.

Therefore, because the petitioner fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review" and that, "due to this retroactive change, [his] sentence now presents an error sufficiently grave to be deemed a fundamental defect, Wheeler, 886 F.3d at 429, his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the petition. When subject matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED and DISMISSED without prejudice.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten

(10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **directed to terminate the Magistrate Judge's association** with this case and **remove the pro se law clerk flag**.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  October 19, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE